IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

              Plaintiff,

vs.                                         Criminal No. 19-CR-00091-JCH

**JUSTIN PACHECO JR**.,

              Defendant.

### UNOPPOSED MOTION TO TERMINATE SUPERVISED RELEASE

COMES NOW, the United States, by and through Assistant United States Attorney, Niki Tapia-Brito, and pursuant to 18 U.S.C. Section 3583(e)(1), hereby moves this Court for an order terminating Defendant Justin Pacheco Jr.'s term of supervised release. This motion is unopposed by both U.S. Probation and counsel for the Defendant, Wayne Baker. In support the United States indicates:

1) The Court may terminate the term of supervised release and discharge the defendant any time after serving at least one (1) year. 18 U.S.C. §3583(e)(1).

2) In determining whether a term of supervised release should be terminated early, the Court should look to the factors in 18 U.S.C. §3553(a). *Id.*

3) The Court has the discretion to terminate the supervision of a defendant "if it is satisfied that such an action is warranted by the conduct of the defendant released and the interest of justice". *Id.* The Court also has the authority to

reduce the conditions of supervision if it finds that termination is not warranted. 18 U.S.C. §3583(e)(2).

4) In *United States v. Johnson*, 429 U.S. 43, 60 (2000), the Supreme Court acknowledged the broad power of Section 3583(e) to provide equitable relief, in a court's discretion, for someone under supervision. Even before Johnson, the courts were finding the sentencing judge had broad discretion in applying Section 3583(e)(1), even in drug trafficking cases. *United States v. Spinelle*, 41 F.3d 1056 (6th Cir. 1994).

5) In a non-reported case, the 10th Circuit acknowledged the broad discretion that Section 3583(e)(1) gives the sentencing court and the importance of considering the Section 3553(a) factors in determining whether the supervised release should be terminated or not. *United States v. Warren*, 650 Fed.Appx. 614 (10th Cir. 2016) (unpublished). The Court affirmed the sentencing courts denial of early termination of Warren's 12-year term of supervised release despite Warren's completion of over six (6) years of that term.

6) On October 26, 2020, this Court sentenced Mr. Pacheco to a term of 51-months imprisonment followed by 3-years of supervised release. (Doc. 45).

7) On July 27, 2023, Mr. Pacheco was released from custody and began his 36-month period of supervised release.

8) Mr. Pacheco was identified as a prospective participant in the Reentry through Integrated Opportunities (RIO) Reentry/Problem-Solving Court Program and agreed to participate in RIO.

9) Mr. Pacheco commenced RIO on September 19, 2023, and successfully

completed the 52-week program on October 15, 2024.

10.  Mr. Pacheco met all program requirements and made significant progress while in the

program.  Notably, he secured stable employment and housing.  Mr. Pacheco also

addressed his substance use and mental health issues and has remained sober for over

one year.

11. Mr. Pacheco's supervised release was originally set to expire on July 26, 2026.

Pursuant to Mr. Pacheco's successful completion of the RIO program, the United

States Probation Office has requested that this Court credit Mr. Macheco with a one

year reduction of supervised release, thus allowing Mr. Pacheco's supervision to

expire on July 25, 2025.

12. Mr. Pacheco has conducted himself on supervision in a manner that warrants

granting early termination.  Mr. Pacheco has demonstrated a commitment to his

rehabilitation by completing all of the substance abuse treatment and other

recommended counseling programs. Additionally, he remains committed to a

sober lifestyle and helping others with similar experiences.

13. Studies have shown that there is little risk in early termination, and perhaps some

benefit to someone's continued rehabilitation when it is granted.

The results [of a preliminary study conducted by the
Administrative Office of U.S. Courts in 2009] suggest that offenders
granted early termination under the current policies pose no greater
danger to the community than offenders who serve a full term of
supervision. These findings reaffirm the notion that early
termination policies allow officers to make responsible decisions
about which offenders to recommend for an early termination of
their supervision term. "

Baber, Johnson,      *Early Termination of Supervision: No Compromise to*
*Community Safety*, Federal Probation, Volume 77 Number 2, pg. 20 September
2013, http://www.uscourts.gov/viewer.aspx?doc=/uscourts/FederalCourts/P
PS/Fedprob/2013-09/index.html, Last Visited July 20, 2021.

14. Also consider that:

> For many offenders, the research shows that correctional intervention is analogous to treating a patient: too little intervention and the patient receives little or no benefit; too much, and the treatment is ineffective or even harmful. Given this, we postulate that the length of supervision should depend on how long it takes an offender to achieve the dosage target—the type and amount of intervention that research tells us he or she needs in order to maximize the potential for behavior change and that is necessary in order to minimize risk to the public—rather than a fixed term of supervision.

Carter, M. & The Honorable Richard J. Sankovitz of the Milwaukee County Circuit Court, *Dosage Probation: Rethinking the Structure of Probation Sentences*, Prepared for the Center for Effective Public Policy. The National Institute of Corrections, January 2014; as found at https://s3.amazonaws.com/static.nicic.gov/Library/027940.pdf, Last Visited July 20, 2021.

15) Mr. Pacheco appears to have reached that point in the intervention of supervision where he maximized his behavioral change and is ready to take ownership of his rehabilitation. For these reasons, early termination is appropriate.

16) Camilla Duarte, Supervisory United States Probation Officer, is currently supervisory Mr. Pacheco and has communicated to undersigned counsel that she is not opposed to early termination and defers to the Court's discretion on this motion.

17) Counsel for the Defendant, Wayne Baker, was contacted by email and is also unopposed to this motion.

Wherefore, the United States respectfully requests this Court either issue an order terminating supervised release or hold a judicial conference or formal hearing to address this request with the defense and the Probation Office present to determine if early termination of his supervised release is appropriate at this time.

5

Respectfully submitted,

HOLLAND S. KASTRIN
Acting United States Attorney

*Niki Tapia-Brito*

NIKI TAPIA-BRITO
Assistant United States Attorneys
201 Third Street NW, Suite 900
Albuquerque, NM  87103
(505) 346-7274